UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAHIN SAEID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-01826-APG-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DESERT PALACE, INC., | ) | (Emg Mot Clarification - Dkt. #82) |
| | ) | |
| Defendant. | ) | |

Before the court is Defendant Desert Palace, Inc.'s Emergency Motion for Clarification of Magistrate Judge Leen's Order (Dkt. #81) (Dkt. #82). The motion seeks clarification of the minutes of the hearing held on November 26, 2013, which were prepared by a deputy clerk.

At the hearing, the court denied Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosures (Dkt. #61). The court found that Plaintiff's failure to timely serve a Rule 26(a)(2) report was not substantially justified. Rather than striking the expert designation and precluding Plaintiff from calling a liability expert, the court found the prejudice to the Defendant could be minimized by allowing the Defendant an opportunity to take the expert's deposition with Plaintiff being responsible for the costs of the deposition. The court also gave the Defendant 45 days to designate a rebuttal expert, and both parties 60 days to complete Plaintiff's expert and Defendant's rebuttal expert depositions.

The emergency motion indicates that counsel "have been unable to come to a consensus as to whether the expert appearance fee associated with Mr. Jones' deposition should be borne by the Plaintiff." A December 16, 2013 email chain attached to the motion indicates counsel interpret the minutes differently. The Plaintiff believes the court intended for Plaintiff to incur the cost of the court reporter, but not the expert appearance fee. Counsel for Defendant does not agree. This motion was

1   filed on a "emergency" basis on December 17th because the deposition was set for December 19, 2013,
2   before the mandatory settlement conference.
3         The motion to strike was filed September 23, 2013, when counsel for Plaintiff served Defendant
4   with a supplemental disclosure for liability expert, Brian K. Jones, two weeks after the close of
5   discovery. Plaintiff had initially disclosed Mr. Jones' name, but had not served opposing counsel with a
6   Rule 26(a)(2) compliant report. Defendant therefore sought an order precluding Jones from testifying
7   in this case. Counsel for Plaintiff argued that the delay in serving a Rule 26(a)(2)-compliant report was
8   attributable to the Defendant's failure to produce a Rule 30(b)(6) witness on issues relevant to the
9   liability experts' opinions until after the deadline for disclosing expert witnesses. Defendant argued
10  Plaintiff had all the information needed to provide to his expert before the final Rule 30(b)(6)
11  deposition was taken.
12        After considering the moving and responsive papers and the arguments of counsel, the court
13  denied Defendant's motion to strike because although the failure to timely disclose a Rule 26(a)(2)-
14  compliant report was not substantially justified the prejudice to the Defendant could be minimized by
15  monetary sanctions, in part because the trial date is not set until April 28, 2014. The court therefore
16  allowed Defendant an opportunity to designate a rebuttal expert and reopened discovery for the limited
17  purpose of allowing the parties to depose Plaintiff's liability expert, Defendant to designate a rebuttal
18  expert, and the Plaintiff to take Defendant's rebuttal expert deposition.
19        Because Defendant would not be incurring the cost of designating a rebuttal expert if the court
20  granted the motion to strike, the court ordered Plaintiff to incur the costs of taking Plaintiff's expert
21  witness. The oral order specifically addressed the expert witness fees. The court acknowledged during
22  the hearing, and the audio tape of the proceeding reflects, that Plaintiff would not ordinarily be required
23  to pay Plaintiff's own expert fees for appearing for deposition noticed by the Defendant. However, the
24  court ordered Plaintiff to assume these costs as a monetary sanction for failure to timely designate a
25  liability expert and serve a Rule 26(a)(2)-compliant report instead of granting the Defendant's motion to
26  strike, and precluding the Plaintiff from calling the witness for any purpose at all.
27        Counsel for both sides were present at the hearing. Neither side requested clarification of the
28  court's order, and an audio recording is almost immediately available following a hearing to resolve

disputes of this nature. The minutes are a brief summary of the proceedings prepared by a courtroom deputy, and not a verbatim recitation of the court's orders. This "emergency motion" could have and should have been avoided.

**IT IS ORDERED** that Defendant Desert Palace, Inc.'s Emergency Motion for Clarification of Magistrate Judge Leen's Order (Dkt. #81) (Dkt. #82) is **GRANTED** and Plaintiff shall be responsible for the court reporter fees and expert witness fees associated with taking Mr Jones' deposition.

Dated this 20th day of December, 2013.

_____
Peggy A. Leen
United States Magistrate Judge